**IN THE COURT OF APPEALS OF IOWA**

No. 16-1071
Filed December 21, 2016

**IN THE INTEREST OF N.E.C.,**
**Minor child,**

**M.L., Mother,**
    Petitioner-Appellee,

**R.C., Father,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, William S. Owens, Associate Juvenile Judge.

A father appeals from the district court order terminating his parental rights. **AFFIRMED.**

Monte M. McCoy of McCoy Legal Services, Centerville, for appellant father.

Steven E. Goodlow, Albia, for appellee mother.

Mary B. Krafka of Krafka Law Office, Ottumwa, guardian ad litem for minor child.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Melanie filed a petition pursuant to Iowa Code chapter 600A (2015) seeking to terminate the parental rights of Rodney in their child, N.E.C., on the ground Rodney had abandoned the child. The district court granted the petition and terminated Rodney's parental rights pursuant to Iowa Code section 600A.8(3)(b). On appeal, Rodney contends Melanie failed to prove Rodney abandoned the child and failed to prove termination of his parental rights is in the best interest of the child. Our review is de novo. *See In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998).

There is clear and convincing evidence Rodney abandoned the child within the meaning of the code. *See* Iowa Code § 600A.8 (requiring clear and convincing proof), (3)(b) (setting forth elements to prove abandonment). The child at issue was eleven years old at the time of the termination hearing. Rodney had been a part of the child's life when the child was younger. More recently, however, Rodney has been absent due to his escalating criminal behavior. During the five years preceding the termination hearing, Rodney had been imprisoned on three different occasions. At the time of the termination hearing, Rodney was incarcerated in Missouri due to his sixth conviction for operating while intoxicated. His discharge date was in 2018, although Rodney testified he could be paroled sooner. During this most recent period of incarceration, Rodney has not provided financial support for the child. Rodney had also not maintained a place of significance in the child's life. At the time of the termination hearing, Rodney had not seen the child in over a year. Rodney had not made an effort to maintain regular communication with the child despite

knowing the mother's telephone number. A parent "cannot use his incarceration as a justification for his lack of relationship with the child." *In re C.A.V.*, 787 N.W.2d 96, 101 (Iowa Ct. App. 2010). Rodney's decision to continue criminal behavior resulting in his incarceration is a choice he has repeatedly made at the expense of forging a relationship with N.E.C.

We also conclude termination is in the child's best interest. Because of his repeated incarcerations, Rodney has limited his bond with the child. *See In re M.M.S.*, 502 N.W.2d 4, 8–9 (Iowa 1993); *In re N.W.*, No. 16-1548, 2016 WL 6652474, at *3 (Iowa Ct. App. Nov. 9, 2016); *In re R.P.*, No. 16-1154, 2016 WL 4544426, at *2 (Iowa Ct. App. Aug. 31, 2016). The mother is remarried, and the child's stepfather is willing to adopt the child upon the termination of Rodney's parental rights. The child and the stepfather have many common interests and a strong bond. The child has expressed a preference to be adopted by his stepfather. The termination of the father's parental rights would bring certainty to the child's life.

For the foregoing reasons, we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**